# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DeANDA-ZAVALA, as an individual and on behalf of all other similarly situated Class Members,<br><br>Plaintiff,<br><br>v.<br><br>IFCO SYSTEMS US, LLC, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:25-cv-00413-KES-SKO<br><br>**ORDER GRANTING IN PART PLAINITFF'S REQUEST FOR REASONABLE EXPENSES INCLUDING ATTORNEY'S FEES**<br><br>(Doc. 45) |

Pending before the Court is Plaintiff Joshua DeAnda-Zavala ("Plaintiff")'s Notice of Motion and Motion for Award of Attorneys' Fees and Costs as Sanction for Late Canceled Deposition (the "Motion"). (Doc. 45). Defendant IFCO Systems US, LLC ("Defendant IFCO") opposed the motion on October 29, 2025. (Doc. 47). Plaintiff filed a reply on November 3, 2025. (Doc. 50). On November 4, 2025, the Court vacated the hearing and took the matter under submission. (Doc. 51). That same day, Defendant IFCO filed an "Objections to and Requests to Strike and/or Disregard New Evidence Submitted by Plaintiff for the First Time on Reply and All reply Arguments Based Thereon." (Doc. 52).

For the reasons provided herein, the Court will grant the motion in part and order Defendant IFCO to pay Plaintiff reasonable expenses, including attorney's fees, in the amount of $5,441.59.[1]

---

[1] Although Plaintiff requests $6,711.59, (*see* Doc. 50 at 3), the Court finds that Plaintiff is entitled to $5,441.59, as set forth below.

## I. BACKGROUND

This action involves a wage and hour class action brought by Plaintiff against IFCO Systems US, LLC; MTNA, Inc.; PeopleReady, Inc.; and TrueBlue, Inc. (*See* Doc. 1). Plaintiff was assigned to IFCO's Fresno service center by a staffing agency called PeopleReady, Inc. ("PeopleReady"), which is no longer a defendant after entering into an individual settlement with Plaintiff. (*See* Docs. 1, 25, 33).

On August 18, 2025, Defendant IFCO filed a motion to compel arbitration, (Doc. 26), which Plaintiff opposed on August 29, 2025, (Doc. 28). Shortly after Plaintiff filed his opposition, Defendant IFCO served a notice of deposition on Plaintiff. (Doc. 45-1 ("Wendell Decl.") ¶ 2; Doc. 47-1 ("Kane Decl.") ¶ 15). The Parties met and conferred, and IFCO stated it needed to take Plaintiff's deposition before submitting its reply brief. (Wendell Decl. ¶ 2; Kane Decl. ¶ 15). Although this reason was not provided to Plaintiff, Defendant noticed this deposition as an alternative method of discovering information that it had otherwise failed to obtain over the course of several months from PeopleReady. (Kane Decl. ¶¶ 14–15).

The parties scheduled Plaintiff's deposition for Saturday, September 13, 2025, at 9:30 a.m., and Plaintiff joined a stipulation to extend Defendants' reply deadline accordingly. (Wendell Decl. ¶ 2; Kane Decl. ¶ 15; *see also* Doc. 31). While the deposition notice had originally noticed the deposition to be taken in Los Angeles—which would have required Plaintiff to travel from his home in Fresno and Plaintiff's counsel Raymond Wendell to travel from his home in San Pablo, California—Plaintiff's counsel requested that Defendant IFCO take the deposition remotely by videoconference to avoid the expense and burden of travel. (Wendell Decl. ¶¶ 3–4, Doc. 47-1 at 124). Defendant IFCO refused to take the deposition remotely but offered to take it in the Eastern District of California; Plaintiff accepted on the condition that it be taken in Fresno, where Plaintiff resides. (*Id.* ¶ 4; Kane Decl. ¶ 3–4; Doc. 47-1 at 119, 123).

Because the deposition was to start at 9:30 a.m., Plaintiff's counsel reserved a hotel stay for the night before the deposition that was fully refundable until the day before the reservation, at which point it became nonrefundable. (*Id.* ¶ 5). Plaintiff's counsel represented that he considered flying to Fresno for the deposition and reviewed travel websites for available flights

2

1    at the time the deposition was noticed. (*Id.*) He ultimately concluded that driving in his personal
2    vehicle was the less expensive option and decided to drive. (*Id.*)

3        On September 11, 2025, two days before the deposition, counsel for PeopleReady
4    emailed counsel for Defendant IFCO requesting to attend Plaintiff's deposition remotely.
5    (Wendell Decl. ¶ 6; Doc. 47-1 at 136). Defendant IFCO's counsel responded "[t]his is an in-
6    person deposition in Fresno," and, in a subsequent email, "[t]his is not a hybrid deposition, it is
7    an in-person deposition for everyone." (Wendell Decl. ¶ 6; Doc. 45-1 at 8). Plaintiff's counsel,
8    Raymond Wendell, was copied on this exchange and understood Defendant IFCO's response as
9    a confirmation that the deposition was going forward in person. (Wendell Decl. ¶ 6).

10       On September 12, 2025, the day before Plaintiff's deposition was scheduled, at 12:17
11   p.m. Plaintiff's counsel left his home in San Pablo to (1) avoid the brunt of traffic around the
12   San Francisco Bay Area on Friday afternoons and (2) arrive in Fresno by early evening to meet
13   with Plaintiff for a final deposition preparation session. (Wendell Decl. ¶ 7; *see also* Doc. 47-1
14   at 163).
15   Almost exactly an hour later, at 1:16 p.m., PeopleReady produced a single page document to
16   Defendant IFCO that Defendant IFCO determined obviated the need for Plaintiff's deposition.
17   (Kane Decl. ¶ 17, Doc. 47-1 at 102).

18       At 2:29 p.m., Defendant IFCO's counsel sent an email to Plaintiff's counsel and several
19   of his colleagues at the firm stating: "Based on the current working formulation of
20   IFCO's/MTNA's reply arguments and objections to plaintiff's opposition arguments and
21   evidence, we have decided to not proceed with the deposition of plaintiff regarding his
22   opposition to the pending motion to compel individual arbitration, and it is therefore off-
23   calendar without prejudice." (*Id.* ¶ 8; Doc. 45-1 at 13; Kane Decl. ¶ 18; Doc. 47-1 at 134).
24   When the email was sent, Plaintiff's counsel was navigating stop-and-go traffic on California
25   State Highway 99 between Modesto and Fresno and was unable to check his email until he
26   arrived in Fresno at 3:56 p.m. (Wendell Decl. ¶ 9). Defendant IFCO did not attempt to reach
27   Plaintiff's counsel by telephone. (*Id.*)

28       In all, Plaintiff's counsel spent 7.2 hours driving to and from Fresno, driving 358 miles,

and incurred a non-refundable hotel cost of $110.99. (*Id.* ¶¶ 10, 13; Doc. 45-1 at 15). On September 16, 2025, Plaintiff asked Defendant IFCO to pay for the hotel reservation, $250.60 in mileage at the Internal Revenue Service rate of $0.70 per mile, and $3,837.60 in attorney's fees for driving time. After that email went unanswered, Plaintiff's counsel followed up on September 19, 2025, and September 25, 2025. (Wendell Decl. ¶ 15; Doc. 47-1 at 153–56).

On October 6, 2025, counsel for Plaintiff and counsel for Defendant met and conferred but were unable to resolve the dispute.[2] (Wendell Decl ¶ 15; Kane Decl ¶ 19). Plaintiff filed the instant motion on October 16, 2025. (Doc. 45).

## II.   DISCUSSION

Plaintiff requests that the Court award Plaintiff reasonable expenses, including attorney's fees, arising out of Defendant IFCO's cancellation of a noticed deposition on short notice. (Doc. 45 at 4). Defendant IFCO contends that considering the totality of the circumstances such an award is not warranted. (Doc. 47 at 5). Specifically, Defendant IFCO argues it did not act in bad faith and that the late cancellation of the deposition was due to the actions of a third party. (*Id.*) To resolve this dispute, the Court must first consider whether an award of reasonable expenses is warranted, and if it is, the Court must then consider what expenses are reasonable.

As to the issue of whether Plaintiff is entitled to "reasonable expenses for attending, including attorney's fees," the Court agrees with Plaintiff that—even considering the totality of the circumstances—Plaintiff is entitled to reasonable expenses and fees due to the late cancelation of the deposition. "Federal Rule of Civil Procedure 30(g) governs a person's failure to attend a deposition," *Terrell v. Cent. Washington Asphalt, Inc.*, No. 2:11-CV-142-APG-VCF,

---

[2] Defendant IFCO contends that Plaintiff failed to meet the meet and confer requirement under Eastern District of California Local Rule 251 and that that failure is an independent ground to deny the motion. (Doc. 47 at 10 n.4). The Court disagrees. After several emails went unanswered—on September 16, 2025, September 19, 2025, and September 25, 2025—Plaintiff's counsel received a reply which led to the parties speaking via videoconferencing. (Wendell Decl. ¶ 15; Doc. 47-1 at 138–50). At that meeting, the parties discussed numerous issues related to their differing positions without resolving their dispute. (Wendell Dec. ¶ 15; Kane Decl. ¶ 19). During the parties teleconferencing call, Defendant requested Plaintiff's counsel provide his hotel receipt and tracking data from Plaintiff's counsel's phone to show he was actually driving when he had reported driving information on October 7, 2025. Plaintiff provided that information in an email but received no response from Defendant IFCO or any request for further discussion for over a week prior to Plaintiff filing the instant motion. (Wendell Dec. ¶ 15; Kane Decl. ¶ 19–20; *see also* Doc. 47-1 at 163–63). The Court finds that these efforts were sufficient to meet the meet and confer obligations under Local Rule 251.

4

2015 WL 461823, at *6 (D. Nev. Feb. 4, 2015), *objections overruled*, (D. Nev. July 20, 2015), and provides, in relevant part, that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g). Pursuant to this rule, "[a] party can constructively fail to attend a deposition by providing late notice of a cancellation." *Russell v. Walmart Inc.*, No. 2:19-CV-05495-MWF-JC, 2020 WL 4745546, at *2 n.4 (C.D. Cal. July 5, 2020) (collecting cases); *see also Terrell*, 2015 WL 461823, at *6 ("[c]ourts routinely award expenses and attorney's fees where, as here, a party fails to attend a deposition without delivering sufficient notice of cancellation to the other party" (citations omitted)); *In re Univ. of San Diego Tuition & Fees COVID-19 Refund Litig.*, No. 20-CV-1946-LAB-WVG, 2023 WL 3316765, at *2 (S.D. Cal. May 8, 2023); *Societe D'equipments Internationaux Nigeria, Ltd v. Dolarian Cap., Inc.*, No. 115CV01553DADSKO, 2016 WL 6901991, at *2 (E.D. Cal. Nov. 22, 2016); *Albee v. Cont'l Tire N. Am., Inc.*, 780 F. Supp. 2d 1005, 1013 (E.D. Cal. 2011).

The Court is not wholly unsympathetic to Defendant IFCO's explanations regarding why the deposition was cancelled at the last minute—specifically that another Defendant provided information obviating the need for Plaintiff's deposition. (*See* Doc. 47 at 6–10; Kane Decl. ¶ 17; Doc. 47-1 at 102). However, Defendant IFCO's overall approach to discovery on this issue resulted in higher expenses that might have otherwise been avoided. For example, Defendant IFCO insisted that the deposition be taken in-person, rejecting Plaintiff's suggestion of a remote deposition. (*See* Doc. 47-1 at 119–20, 123). Additionally, Defendant IFCO chose to seek the information at issue—which was ultimately provided from a different source in the form of a single-page document, (Kane Decl. ¶ 17, Doc. 47-1 at 102)—through a deposition rather than propounding written discovery requests, (*See* Doc. 45-1 ("Wendell Decl.") ¶ 2; Doc. 47-1 ("Kane Decl.") ¶ 15). However, none of these details are ultimately relevant to the Court's inquiry under Rule 30(g). "Rule 30(g) does not require that the noticing party act in "bad faith." *In re Univ. of San Diego Tuition & Fees COVID-19 Refund Litig.*, 2023 WL 3316765, at *5. Instead, where, as here, a party's "cancellation[] of the deposition[ was] not timely made, and

[Plaintiff] incurred costs that it would not have incurred but for the cancellation," Rule 30(g) provides for the recovery of those expenses so long as they are reasonable. *Id.*

Because the Court finds that an award of reasonable expenses is warranted, the Court must determine if Plaintiff's requests are reasonable. Plaintiff requests (1) $110.99 for a nonrefundable hotel reservation; (2) $250.60 for mileage reimbursement; (3) $3,600 in attorney's fees for time spent traveling to and from the site of the deposition (7.2 hours at adjusted hourly rate of $500 per hour); and (4) $2,750 in attorney's fees for time spent preparing this Motion (5.5 hours at adjusted hourly rate of $500). (Doc. 45 at 2). Defendant contends that these expenses are unreasonable given that Plaintiff's counsel (1) did not attempt to seek a refund on the nonrefundable hotel reservation; (2) unreasonably chose to drive rather than fly to the deposition; (3) provided no authority for the award of milage driven in his personal vehicle; (4) seeks an unreasonable hourly rate; and (5) is not entitled to attorney's fees associated with the preparation of the instant motion and reply. (Doc. 47 at 10–20). After consideration, the Court will grant Plaintiff's request in part.

**A.     Travel Expenses**

The Court starts with Plaintiff's requests for recovery of Plaintiff's counsel's travel expenses. Plaintiff filed documentation supporting his request for $110.99 for a nonrefundable hotel reservation and $250.60 for mileage reimbursement, (Doc. 45-1 at 15; Wendell Decl. ¶ 10), and the Court finds that these costs are reasonable and properly recoverable.

First, as to Plaintiff's hotel cost, the Court finds that by the terms of the booking itself it was not refundable at the time Defendant IFCO cancelled the deposition. (*See* Wendell Decl. ¶ 10). Further, the Court finds that it was reasonable under the circumstances for Plaintiff's counsel to stay at the hotel rather than to drive the several hours home after already driving for four hours into the evening. (*See id.*). Finally, the Court finds that Plaintiff did not have an obligation to demand a refund on a clearly nonrefundable reservation as a prerequisite to claiming a reasonable expense under Rule 30(g), and Defendant IFCO provides no authority

supporting a contrary finding.[3]

Second, as to the milage reimbursement, Defendant IFCO cites to no authority for the proposition that a party's costs are not reasonable when they choose to drive rather than fly. Indeed, there are numerous cases in which a court has awarded reasonable expenses under Rule 30(g) where the reasonable expenses were associated with travel by car even though flight options were available. *See e.g.*, *Vasquez v. Leprino Foods Co.*, No. 117CV00796AWIBAM, 2019 WL 6896696, at *3 (E.D. Cal. Dec. 18, 2019) ("Defendants' counsel declares that she incurred $462.88 in expenses for hotel, meals, mileage and bridge toll for travel between Fresno and San Francisco. The Court finds that these costs are properly recoverable." (citation omitted)). And even if it was incumbent on Plaintiff's counsel to decide between flying and driving based primarily on maximizing the time prior to beginning his travel in the event the deposition was cancelled—a proposition of which the Court is dubious and for which Defendant IFCO provides no supporting authority—the Court is not convinced it would have been materially cheaper or more likely that he would have avoided incurring travel costs if he had flown.

Further, the Court agrees with Plaintiff that awarding milage is appropriate given the use of his personal vehicle to drive to the deposition and that using the at the General Services Administration rate is reasonable. *See, e.g.*, *Jones v. Lehigh Sw. Cement Co., Inc.*, Case No. 1:12-cv-00633-AWI-JLT, 2014 WL 346619, at *6 n.3 (E.D. Cal. Jan. 30, 2014) (awarding under Rule 30(g) $192.10 for 340 miles of driving in counsel's personal vehicle at then-current mileage reimbursement rate of $0.565 per mile); *Privately owned vehicle (POV) mileage reimbursement rates*, GEN. SERVS. ADMIN., https://www.gsa.gov/travel/plan-a-trip/transportation-airfare-rates-pov-rates-etc/privately-owned-vehicle-pov-mileage-

---

[3] Defendant IFCO cites *Prism Techs., LLC v. Adobe Sys., Inc.*, No. 8:10CV220, 2011 WL 6887121, at *7 (D. Neb. Dec. 29, 2011), for the proposition that costs incurred that could have been mitigated are not reasonable. (*See* Doc. 47 at 18). But this out of circuit case does not require mitigation at any cost. Instead, the case explicitly states that "a case-by-case determination fits [this] analysis better, where the Court can determine whether the moving party could have done anything to mitigate expenses upon hearing of the cancellation." *Id.* at *5. Here, the Court finds that due to clear terms of the reservation and Plaintiff's counsel's fatigue, along with the inherent risks of driving, especially while fatigued, Plaintiff's counsel did not fail to exhaust mitigation efforts in a way that would undermine the reasonableness of his request for reimbursement of his hotel reservation.

7

reimbursement (listing the privately owned vehicle mileage rate as $0.70).

In sum, the Court finds that Plaintiff's counsel's travel expenses in the amount of $361.59 ($110.99 for a nonrefundable hotel reservation and $250.60 for mileage reimbursement) are reasonable and properly recoverable.

//

**B.     Attorney's Fees**

The Court now turns to Plaintiff's requests for attorney's fees associated with Plaintiff's counsel's travel to and from Fresno, as well as the instant motion and reply.  To determine the reasonableness of attorney's fees, courts use the lodestar method.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Fischer v. SJB-P.D. Inc.*, 2124 F.3d 1115, 1119 (9th Cir. 2000).  Under that method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation."  *Id.*  "The Supreme Court has consistently held that reasonable fees 'are to be calculated according to the prevailing market rates in the relevant community," *Van Skike v. Dir. Off. Of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009), and not "by reference to rates actually charged by the prevailing party," *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). "[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are 'sufficiently detailed to enable the court to consider all the factors necessary in setting the fees.'" *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946.  The Court will start with determining if the hours requested were reasonable and will then turn to the issue of the prevailing rate.

Plaintiff seeks recovery of attorney's fees for his counsel's time driving 7.2 hours to and from Fresno. Plaintiff's counsel filed a declaration supporting this request that the court finds "sufficiently detailed" as to "enable the court to consider all the factors necessary in setting the fees." *See id.*; (*see also* Wendell Decl. ¶ 13).  The declaration provides the number of hours spent, the distance driven, and the number of miles driven.  (*Id.*).  The Court finds Plaintiff's counsel's stated hours and miles driven is consistent with the travel time between San Pablo, California and Fresno, California.  *See Vasquez*, 2019 WL 6896696, at *3 (finding 8 hours of

8

driving time for a round trip between Fresno and San Francisco). Therefore, crediting Plaintiff's counsel's declaration, the Court finds that the 7.2 hours of attorney time claimed is reasonable and recoverable. *See id.*

Plaintiff's final request is for attorney's fees associated with Plaintiff's counsel's time spent preparing the instant motion. Defendant IFCO contends that such fees are outside of the scope of what Rule 30(g) permits. The Court acknowledges there is conflicting authority on this point, though none is binding. *Compare Societe D'equipments Internationaux Nigeria, Ltd*, 2016 WL 6901991, at *2 (awarding costs for attorney's time bringing a Rule 30(g) motion for expenses); *Plyley v. Grangaard*, No. C 12-05825 WHA, 2014 WL 1599930, at *4 (N.D. Cal. Apr. 21, 2014) (same), *with Vasquez*, No. 2019 WL 6896696, at *4 ("Defendants also request an award of attorney's fees incurred in bringing the instant motion. However, the Court declines to award fees beyond those expenses permitted by Rule 30(g)."); *Santos v. Highland*, AL-MC GP, LLC, No. EDCV182374JGBKKX, 2019 WL 6053005, at *3 (C.D. Cal. Nov. 15, 2019) ("Defendant's counsel does not provide the Court with any evidence of the time she spent preparing the Motion and cites no binding authority where courts have awarded such fees beyond those expenses permitted by Rule 30(g)."); *Loop AI Labs Inc v. Gatti*, No. 15CV00798HSGDMR, 2017 WL 65632, at *5 (N.D. Cal. Jan. 6, 2017) ("the court denies [the] request for attorney time relating to its [Rule 30(g)] motion . . . its request finds no support in the plain language of Rule 30(g) . . . [and the moving party] submitted no authority supporting this request."). Upon review, the Court finds the present case partially distinguishable from the cases in which courts declined to award fees associated with the preparation of a Rule 30(g) motion for reasonable expenses as (1) Plaintiff's counsel has provided documentation of the hours expended preparing this motion, (*see* Wendell Decl. ¶ 14; Doc. 50-1 ("Wendell Reply Decl.") ¶ 6), and (2) while the authority is not binding, Plaintiff has cited authority supporting his request, (*see* Doc. 50 at 7). Further, the Court is persuaded that because Rule 30(g)'s operates as a "fee and cost-shifting rule," *Oceanside Plaza Condo. Ass'n, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 13-24588-CIV, 2014 WL 11906640, at *3 (S.D. Fla. Oct. 21, 2014), awarding so-called "fees on fees" under Rule 30(g) is consistent with this circuit's

approach in other fee-shifting contexts, *see, e.g.*, *Blixseth v. Yellowstone Mountain Club*, LLC, 854 F.3d 626, 629 (9th Cir. 2017) ("courts have uniformly held that time spent establishing the entitlement to and amount of the fee is compensable under federal fee-shifting provisions"); *id.* at 631 ("In allowing awards of fees-on-fees, courts have relied on the language and purpose of the fee-shifting provision at issue, reasoning that not allowing fees-on-fees would undermine [the] policies governing attorneys' fees awards."). Therefore, the Court finds that fees associated with the preparation of the instant motion are recoverable.

Plaintiff requests fees for 5.5 hours spent preparing the instant motion and reply—3.1 hours drafting the memorandum of points and authorities, .9 hours drafting the concurrently filed declaration, and 1.5 hours drafting the reply brief and associated reply.[4] (*See* Wendell Decl. ¶ 14; Wendell Reply Decl. ¶ 6). The Court finds that the requested 5.5 hours of attorney time claimed for the instant motion, reply, and associated declarations is reasonable and recoverable. *See Societe D'equipments Internationaux Nigeria, Ltd.*, 2016 WL 6901991, at *2 (approving an award of attorney's fees associated with the preparation of a motion brought pursuant to Rule 30(g) and finding "1.2 hours for researching 'legal issues and standards regarding motion for order of contempt and sanctions[]'" and "3.9 hours for drafting the Motion and the declaration in support of the Motion" reasonable).

Finally, the Court considers the issue of the applicable prevailing rate in the Eastern District of California. Plaintiff's motion mistakenly provided evidence regarding the prevailing rate in the greater Los Angeles area rather than on rates in the Eastern District of California. (*See* Wendell Decl. ¶ 12). In his reply, Plaintiff identified that mistake and provided additional evidence tailored to the prevailing rate in the Eastern District of California. (*See* Doc. 50 at 6). Defendant IFCO objects to the Court's consideration of this evidence based on the general rule that a court should not consider new evidence provided in a reply when the other party has not had any opportunity to respond to the evidence. *See* (Doc. 52); *Provenz v. Miller*, 102 F.3d

---

[4] The declaration filed with the Reply brief states that while Plaintiff's counsel spent "1.8 hours drafting the reply brief" and "4 hours drafting this declaration," given that Plaintiff's counsel had estimated spending 1.5 hours on the reply in his original declaration, "Plaintiff would not increase his previous request" based on that estimation. (Wendell Reply Decl. ¶ 6).

1478, 1483 (9th Cir. 1996).

While it is true that the party seeking fees has the burden "to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), "[i]f a party seeking fees fails to meet its burden in establishing the reasonableness of its requested rate[s], 'the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community,'" *Yuga Labs, Inc. v. Ripps*, No. 222CV04355JFWJEMX, 2024 WL 489248, at *5 (C.D. Cal. Jan. 11, 2024) (quoting *Magbanua v. Evans*, No. 8:19-01144-JLS-ADSx, 2021 WL 4706993, *2 (C.D. Cal. May 21, 2021)). The Court will exercise its discretion to determine an appropriate hourly rate for Mr. Wendell, a partner with 12 years of experience who specializes in wage and hour work. The Court concludes that the prevailing rate in the Eastern District of California for similar services by lawyers of reasonably comparable skill, experience, and reputation is approximately $400 per hour. *See, e.g.*, *Connelly v. Starbucks Corp.*, No. 1:21-CV-00746-SAB, 2023 WL 6387077, at *17 (E.D. Cal. Sept. 29, 2023) ("The Court finds it appropriate, based on Plaintiff's fifteen (15) years of experience in [labor and employment law] and supporting declaration, to award a rate of $400 per hour").

The Court therefore finds that Plaintiff is entitled to recovery of 12.7 hours of attorney time (7.2 hours associated with counsel's travel and 5.5 hours associated with the preparation of the instant motion and reply) at a rate of $400 per hour is reasonable and recoverable under Rule 30(g).

In summary, the Court finds that Plaintiff is entitled to recovery from Defendant IFCO, the following reasonable expenses, including attorney's fees: (1) $110.99 for a nonrefundable hotel reservation; (2) $250.60 for mileage reimbursement; (3) $2,880 in attorney's fees for time spent traveling to and from the site of the deposition (7.2 hours at adjusted hourly rate of $400 per hour); and (4) $2,200 in attorney's fees for time spent preparing this motion (5.5 hours at adjusted hourly rate of $400). This constitutes a total recovery by Plaintiff of $5,441.59.

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART the motion, (Doc. 45). Defendant IFCO is ORDERED to pay reasonable expenses, including attorney's fees, to Plaintiff in the amount of $5,441.59.

IT IS SO ORDERED.

Dated:   **November 12, 2025**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE